UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                            Case No.: 8:20-cr-380-WFJ-AAS

LUIS ALFREDO SUAREZ
ESTUPINAN
_____/

## ORDER

Citing Amendment 821 to the United States Sentencing Guidelines, Luis Alfredo Suarez Estupinan, USM#: 21107-104, moves (Dkt. 193) unopposed for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what

circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On August 26, 2021, Luis Alfredo Suarez Estupinan was sentenced under 46 U.S.C. §§ 70503(a), 70506(a) and (b) and 21 U.S.C. § 960(b)(1)(B)(ii) for conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. Mr. Suarez-Estupinan received 87 months in prison, and his total offense level was 31. He was assessed no criminal history points, and his criminal history was category I. Mr. Suarez Estupinan's advisory sentencing range was 108-135 months, and he received a two-level downward departure based on substantial assistance (5K1.1) and 18 U.S.C. § 3553(e) at the bottom of the adjusted level 29 range (87-108

months). The Bureau of Prisons reports that his projected release is February 6, 2027.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821. USPO submits a memorandum reporting that Luis Alfredo Suarez Estupinan is eligible for a sentence reduction and that a two-level decrease based on Amendment 821 reduces the offense level to 29 and his advisory sentencing range to 87-108. USPO states that a comparable departure would lower the offense level to 27 with a guideline range of 70 to 87 months.

The Federal Defender appears, confirms Mr. Suarez Estupinan's eligibility for a reduction, and moves unopposed to reduce his sentence to 70 months (a 17-month reduction in sentence). A compatible downward departure is permitted "[i]f the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance." U.S.S.G. 1B1.10(b)(2)(B). The Court may also consider post-sentencing conduct in determining whether a reduction is warranted. U.S.S.G.

1B1.10, comment. (n.1(B)(iii)).  Counsel argues Defendant displays stellar post-sentencing conduct (not a single disciplinary violation and completion of over 550 hours of educational classes) and is not a danger to the community.

The Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a), and the Court finds the factors militate against a reduction.  This was a large cocaine smuggling case where Defendant and his colleagues resisted arrest, requiring the Coast Guard to shoot out the engines on their vessel.  They benefited from the obstruction because it enabled them to jettison contraband, and only 187 kilos of cocaine were recovered.  18 U.S.C. § 3553(a)(1) requires the sentence to reflect the "nature and circumstances of the offense."  In these circumstances the Defendant benefited from obstruction.  Any further reduction would not properly "reflect the seriousness of the offense" or "promote respect for the law."  *See id.* at (2)(A).  The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (see *id.* at (2)(B)) and deterrence would be impaired by this proposed reduction.

Mr. Luis Alfredo Suarez Estupinan's motion (Dkt. 193) for a reduction in sentence is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on June 18, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE